UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| GREGORY RYAN WEBB, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 2:23-cv-00009 |
| LEWANNA CASTILLO WEBB, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department, has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[1] In this case, Plaintiff has filed an Amended Complaint (Doc. No. 15), an application to proceed as a pauper (Doc. No. 6), and several miscellaneous motions. (Doc. Nos. 3, 7–12, 14). The Amended Complaint is before the Court for initial review. And as explained below, this case will be dismissed for failure to state a claim.

**I.     Application to Proceed as a Pauper**

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 6) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to

---

[1] Plaintiff also filed a habeas corpus petition, docketed under Case No. 2:23-cv-00020. That case is subject to a different legal framework than the seven cases Plaintiff recently brought under Section 1983. The habeas case will be addressed by separate Order as well.

[Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

II.     **Initial Review**

The Court must review and dismiss any part of the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). And because Plaintiff is representing himself, the Court holds the Amended Complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

A.      **Summary of the Amended Complaint**

Plaintiff alleges that he faced a conspiracy to deny him fair state criminal proceedings in Cumberland County. The Amended Complaint names four Defendants: Lewana Castillo Webb,

Plaintiff's ex-wife;[2] Avery York Jr., Lewana's alleged former romantic partner; Jessica Burgess, the Circuit Court Clerk for Cumberland County, Tennessee; and John Tyler Merchant, a correctional officer. The Amended Complaint provides little factual information about the state criminal proceedings, so the Court will take judicial notice of the publicly available information necessary to put the allegations in context.

Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[3] One charge resulted in a nolle prosequi dismissal,[4] and the other charge led to Plaintiff being convicted and sentenced. Plaintiff's state criminal attorney filed a notice of appeal from that judgment on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[5] There are also two recent state civil matters in which Lewana was the plaintiff and Gregory Ryan Webb (the plaintiff in this federal civil case) was the defendant. One is a divorce case in which the most recent development is that the Tennessee Supreme Court denied Plaintiff's pro se request for discretionary review on May 10, 2023.[6] The other is an order-of-protection case in which the most

---

[2] The Court will refer to Lewana Webb by her first name to avoid confusion.

[3] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[4] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[5] The case number for the appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

[6] See https://pch.tncourts.gov/CaseDetails.aspx?id=86673&Number=True (last visited May 22, 2023). The Probate and Family Court case number is 2021-PF-8346, the Court of Appeals case number is E2022-01470-COA-R3-CV, and the Supreme Court case number is E2022-01470-SC-R11-CV. The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that this was a divorce case. See https://pch.tncourts.gov/CaseDetails.aspx?id=85656&Number=True (last visited May 22, 2023).

recent development is that Plaintiff filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is pending.[7]

Plaintiff alleges that these proceedings were the result of Lewana staging "false domestics," making "false 911 calls," and making "false police reports." (Doc. No. 15 at 1–2). Plaintiff also alleges that Lewana committed perjury against him. (Id.). Lewana's alleged motive for doing so was "to have absolute control," obtain a divorce, and prevent Plaintiff from seeing his 11-year-old son. (Id. at 1). York, motivated by his alleged romantic involvement with Lewana, allegedly used his money, family ties, and connections as a former deputy of the Cumberland County Sheriff's Department to help Lewana. (Id. at 2–3).

Burgess, the Circuit Court Clerk, allegedly prevented Plaintiff from presenting a defense in his criminal case by ignoring or hiding Plaintiff's subpoenas. (Id. at 3–4). And Merchant, a correctional officer, allegedly obtained information about Plaintiff through his position and "falsely presented it to" Lewana and Plaintiff's son. (Id. at 4). Plaintiff alleges that he attempted to obtain a restraining order against Merchant, but that Lewana prevented Plaintiff from doing so by stealing the money for a filing fee. (Id. at 5). Plaintiff claims to have an audio recording of Lewana and Merchant "rac[ing] to the Justice Center to stop [Plaintiff] from filing [a] restraining order against" Merchant. (Id.).

**B.     Legal Standard**

To determine if the Amended Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded

---

[7] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023). The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that Lewana used this case to obtain an order of protection against Plaintiff. See id.

allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). The essence of the Amended Complaint is Plaintiff's contention that Defendants deprived him of a fair state criminal proceeding. As explained below, there are several barriers to Plaintiff pursuing that contention in this Section 1983 case.

#### 1. Heck Doctrine

There is a doctrine in federal court, as stated by the United States Supreme Court in Heck v. Humphrey, providing that a plaintiff cannot pursue civil claims that, if successful, would "necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). This doctrine applies regardless of the relief the plaintiff is seeking, be it monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). There are four ways to invalidate a conviction under Heck: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." Carr v. Louisville-Jefferson Cnty., 37 F.4th 389, 392 (6th Cir. 2022) (citing Heck, 512 U.S. 486–87).

Here, Plaintiff is attempting to use this civil case to establish that the criminal proceedings resulting in his domestic assault conviction were based on false evidence. Success in this case,

therefore, would necessarily invalidate his conviction. And his conviction has not been set aside within the meaning of Heck, as public records reflect that Plaintiff's direct appeal in his criminal case is currently pending. Unless and until Plaintiff can demonstrate that his domestic assault conviction has been invalidated through state remedies or a federal writ of habeas corpus, he cannot pursue this civil case in federal court. Accordingly, this case will be dismissed without prejudice for failure to state a claim. See Sampson v. Garrett, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that Heck dismissals are without prejudice); Avery v. Byrd, No. 3:20-cv-00872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) ("[T]he Sixth Circuit has stated that a Section 1983 action that is noncognizable under Heck 'would necessarily [be] dismissed for failure to state a claim.'" (quoting Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013))).

### 2. Insufficient Allegations

Aside from the Heck bar, Plaintiff also provides insufficient allegations to state a claim against each Defendant under Section 1983.

As to Lewana and York, Plaintiff's allegations do not establish their state-actor status. "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020) (citing Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007)). Lewana and York, as private parties, may be considered state actors if they "engaged in a conspiracy or concerted action with other state actors" by "willfully participat[ing] in joint action with state agents." Id. at 516 (quoting Am. Postal Workers Union v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004)). But Plaintiff's allegations regarding Defendants' participation in a conspiracy are not supported by sufficient facts to be entitled to a presumption of truth. See Moldowan v. City of Warren, 578 F.3d 351, 395
6

(6th Cir. 2009) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987))). And the assertions against Lewana and York that come closest to constituting allegations of fact—that they falsified reports to law enforcement—do not, even if true, establish that they participated in a joint action with state agents. Weser, 965 F.3d at 516 ("Even if Goodson deliberately lied [to public officials] in her statements about Weser, that would not show that her conduct was fairly attributable to the state or that she was participating in a joint action with state agents." (applying Moldowan, 578 F.3d at 399)). Therefore, Plaintiff has not sufficiently alleged that Lewana and York acted under color of state law.

As to Burgess (a court clerk) and Merchant (a correctional officer), even assuming state-actor status, Plaintiff's allegations of wrongdoing are simply too speculative to state a claim for relief. Setting aside allegations that are pure speculation or legal conclusions, Plaintiff is left with one allegation against Burgess: that she did not "fil[e] and/or properly present[] evidence and/or documents for [his] defense," including by ignoring or hiding subpoenas. (Doc. No. 15 at 3–4). But Plaintiff includes no specifics about these alleged materials. And Plaintiff's only non-conclusory allegation against Merchant is that he obtained information about Plaintiff through Merchant's job that was used to harm Plaintiff, but what that information was and how it was used is also unclear. (Id. at 4). These are just the type of "bare allegations" presented without the necessary "factual context" to "render them plausible and thus entitle them to a presumption of truth at this stage in the litigation." See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011) (citing Iqbal, 556 U.S. at 681). Accordingly, even if this case were not barred by Heck, Plaintiff would still fail to state a Section 1983 claim against all four Defendants.

7

### 3. Unavailable Relief

The Court notes that, regardless of the pleading problems addressed above, two of the three types of relief requested by Plaintiff are unavailable in this case. Although Plaintiff could pursue his request for monetary damages if there were no other barriers to relief, he also requests that Defendants face "federal charges" and that he be granted full custody of his son. (Doc. No. 15 at 6). But "[p]rivate citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another." Martin v. Koljonen, 89 F. App'x 567, 568 (6th Cir. 2004) (collecting cases). And this Court does not have jurisdiction to modify a child-custody decree; that is a function reserved exclusively for state courts. See Chevalier v. Est. of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015) ("[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts."). So even if this were a viable case, Plaintiff could not obtain much of the relief he seeks.

## III. Conclusion

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's miscellaneous motions (Doc. Nos. 3, 7–12, 14) are **DENIED AS MOOT**.

The Court **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE